UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA,         )
    Plaintiff,                  )
                                  )
v.                                )   No. 6:10-CR-10-GFVT
                                  )
                                  )   RECOMMENDED DISPOSITION[1]
MICHAEL SCOTT BALL,               )
                                  )
    Defendant.                  )
                                  )
                                  )

\*\*\* \*\*\* \*\*\* \*\*\*

The Court conducted a competency hearing in this matter, per 18 U.S.C. § 4241 and 4247(d). Procedurally, the hearing followed a motion for a competency evaluation made by appointed counsel for Defendant. D.E. 93. The Court granted the motion, ordered an evaluation in a custodial setting, and Defendant was remanded to the custody of the United States Marshal. D.E. 113. The Court, upon the required findings, ordered that the psychiatric or psychological examination encompass competency as defined by 18 U.S.C. §4241(a).[2]

The examination ordered by the Court was performed at the Federal Medical Center (FMC) in Devens, Massachusetts. *See* D.E. 152 (sealed forensic report, herein referred to as the "Report"). All parties had access to the Report issued by Dr. Miriam Kissin, Psy.D. In the Report, Dr. Kissin opined that Defendant is competent for trial purposes. After receipt of the Report, the Court set a hearing, *see* D.E. 151, and the parties appeared with counsel. During that

---

[1] The Court issues this order as a Recommended Disposition to preserve the parties' right to a full *de novo* review, if sought, before the District Judge and in recognition that competency may qualify as a dispositive issue. *See, e.g., United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068-69 (9th Cir. 2004) (discussing nature of competency determination as potentially dispositive).

[2] Defendant did not seek to extend the evaluation to criminal responsibility.

hearing, the parties stipulated to the admissibility of the Report, as well as to the Report's findings. The parties also waived introduction of other proof and argument in opposition, and waived the right to cross-examine the evaluator.

Section 4241 codifies the competency principles of *Dusky v. United States*, 80 S.Ct. 788 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky v. United States*, 80 S.Ct. 788, 789 (1960); *see also* 18 U.S.C. § 4241(a) (phrasing test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."); *United States v. Nichols*, 56 F.3d 403, 410 (2nd Cir. 1995) (applying the "two-prong" competency test from *Dusky*). Section 4247(d) governs the competency hearing, and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See id.*; *see also* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework **suggests** that the defense bears the burden, although the cases are in disagreement as to the burden allocation. *Compare United States v. Chapple*, No. 94-5048, 1995 WL 6147 at \*2 (6th Cir. Jan. 6, 1995) (table) (burden is on United States, though without statutory analysis) and *United States v. Sally*, 246 F.Supp. 2d 970, 976 (N.D. Ill. 2003) (burden is on the United States) *with United States v. Simmons*, 993 F.Supp.168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not in any way disputed, and the Court need not resolve the

burden allocation question. *See, e.g., Medina v. California*, 112 S.Ct. 2572, 2579 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise").

With a stipulation as to both the admissibility and the substance of the Report, the only proof as to current competency is the expert analysis of Dr. Kissin. The Report reflects personal observation, a full review of Defendant's medical history and status, sufficient psychological testing, and a thorough assessment of Defendant's status in light of applicable competency standards. The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Kissin directly observed Defendant via interviews and subjected him to a battery of psychological testing. The evaluator also secured and reviewed the relevant medical and court records, and conducted telephone interviews with Defendant's appointed counsel, as well as the Assistant United States Attorney assigned to the case.

The Report is a thorough and comprehensive assessment of Defendant's mental and psychiatric condition, as well as an extensive Report of Defendant's medical history. Notably:

(1) The report indicates Defendant understood the nature and purpose of the evaluation. D.E. 152 at 2.

(2) Defendant was cooperative with the evaluation procedures. *Id*. at 2, 7, 8.

(3) Defendant was diagnosed with the following conditions: Alcohol Dependence, In Sustained Remission; Anxiolytic Dependence, In a Controlled Environment; Opiate Dependence, In a Controlled Environment; and Anxiolytic-induced Anxiety Disorder, With Onset During Withdrawal. *Id*. at 9.

(4) After experiencing unusual feelings, Defendant was prescribed the antipsychotic medication Zyprexa, and said that within two weeks he "began to feel like himself again," and "kept getting better every day." *Id*. at 6.

(5) Defendant has no history of major mental illness, presents with a stable mood, does not display symptoms indicative of psychotic disorder, and is psychiatrically stable. *Id*. at 9, 13.

3

(6)  When Defendant was interviewed regarding his understanding of courtroom proceedings, ability to make decisions which are not grossly impaired by mental illness, and his ability to establish and maintain a working relationship with an attorney, he exhibited no notable difficulties with understanding and processing the questions, or providing meaningful responses. *Id*. at 10.

(7)  Defendant demonstrated the ability to make rational decisions, has a factual understanding of the charges against him, can provide a reasonable estimate of their severity, and "is highly motivated to attain the most positive outcome in his case." *Id*. at 13.

(8)  Defendant was able to engage in a rational and coherent discussion about information he would like to impart to and obtain from a representing attorney for the purpose of making case-related decisions. *Id*. at 14.

(9)  Defendant's competency related skills are not significantly compromised by symptoms of a serious mental illness, such that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense. *Id*.

Thus, it is clear that Dr. Kissin accurately applied the *Dusky* standard as codified in section 4241(a) to determine that Defendant is competent. Dr. Kissin elicited from Defendant definitions of key terms and participants in a trial, as well as the elements and procedures related to a criminal trial. *Id*. at 12  She also positively endorsed Defendant's ability to assist counsel in preparing his defense. *Id*. at 13. As such, the Report supports a finding that both prongs of the *Dusky* competency test appear to be met in this case, and its conclusions are unrebutted.

Additionally, the Court sought the insight of counsel for the defendant, Mr. Leroy Gilbert, who had initially requested the competency evaluation. Mr. Gilbert's observations are consistent with the opinion in the Report. The Court also observed and interacted with Defendant at his competency hearing. Defendant was composed and respectful to the Court throughout the proceedings, and exhibited none of the in-court behavior which formed the basis for his evaluation. *See* D.E. 93.

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. The Court thus finds that, per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Therefore, the Court **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Rule 59(b) requires that specific written objections be filed within fourteen (14) days of service of this Recommended Disposition. Failure to object per Rule 59(b) waives a party's right to review.

This the 31st day of August, 2010.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge